**Alexis M. HERMAN, Secretary of Labor, United States Department of Labor Plaintiff**

v.

**TYSON FOODS, INC., Defendant**

**No. 9:99 CV 132.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 20, 2000.

---

Robert A Goldberg, U S Department of Labor, Dallas, TX, for Plaintiff.

John V Jansonius, Akin Gump, Dallas, TX, for Defendant.

## MEMORANDUM ORDER

COBB, District Judge.

Before this court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). For the reasons stated in this order, the court DENIES the Defendant's motion.

Defendant Tyson is a poultry company some of whose employees are engaged in "live haul work" which includes the catching of chickens for transportation, processing, and shipment in interstate commerce. The Secretary of Labor filed a complaint in the Eastern District of Texas alleging Tyson failed to pay its chicken catchers overtime pay as required by section 217 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. Specifically, the Secretary seeks unspecified overtime wages for 46 chicken catchers employed by Tyson in Center, Texas.

Defendant moves to dismiss on the ground that chicken catchers are agricultural laborers exempt from the FLSA provisions citing the Fifth Circuit's decision in Coleman v. Sanderson Farms, 629 F.2d 1077 (5th Cir. Unit A 1980). There, the court held that the plain language of section 203(f) (defining "agriculture") included live haul crews in the exemption and thus chicken catchers were exempt from the

overtime provisions of the FLSA. 629 F.2d at 1081.

The Secretary argues that the Supreme Court's decision in Holly Farms v. National Labor Relations Bd., 517 U.S. 392, 116 S.Ct. 1396, 134 L.Ed.2d 593 (1996) implicitly overruled Coleman. In Holly Farms, a wholly owned subsidiary of Tyson challenged the National Labor Relations Board's (NLRB) interpretation of agricultural labors under the National Labor Relations Act (NLRA) 29 U.S.C. § 151 et seq. The NLRA does not define "agricultural laborer" per se, instead it relies on the definition of "agriculture" under the FLSA. The NLRB had decided that live haul crews were not engaged in secondary agriculture and thus were not exempt from the provisions of the NLRA vis a vis the FLSA.

The Court held that the NLRB's interpretation to be reasonable and persuasive. 517 U.S. at 408–09, 116 S.Ct. 1396. The Court also noted that while the opposite conclusion (that chicken catchers are exempt) was a plausible reading of the statute, such a reading was inharmonious with Congressional intent in enacting the provision. 517 U.S. at 399 n. 6, 116 S.Ct. 1396. Moreover, the Court was required to respect the judgment of the agency empowered to apply the law. Id. at 398–99, 116 S.Ct. 1396.

The Court was also attempting to resolve a split in circuit authority over the meaning of the term agriculture (and whether live haul workers are engaged in agriculture) for both the NLRA and the FLSA.. In fact, the Court specifically mentioned Coleman as a decision in conflict with the Fourth and Eighth Circuits. 517 U.S. at 397, 116 S.Ct. 1396. The Fourth Circuit which the Court affirmed, specifically stated that it was at odds with Coleman. See Holly Farms Corp. v. NLRB, 48 F.3d 1360, 1371 n. 4 (4th Cir. 1995).

Given the choice of following conflicting authority of the Fifth Circuit and of the Supreme Court of the United States, this

court chooses to follow Supreme Court authority.

Tyson's second line of attack is that the Secretary and Department of Labor are attempting to change the administrative rules with litigation rather than the usual "notice and comment" procedure where new regulations are proposed and comments solicited under the Administrative Procedure Act. However, the Secretary correctly argues that in light of *Holly Farms*, this is an enforcement action and not a new rule.[1]

Finally, Tyson argues that it should not be penalized by a requirement to pay back wages retroactively. However, since Holly Farms was decided in 1996 and this suit was initiated in 1997, Tyson was clearly on notice of this interpretation.

For the foregoing reasons, Tyson's Motion to dismiss is hereby DENIED.

---

1. The Department of Labor has no rule-making authority under the FLSA at issue in the present case; it may only issue interpretations.